UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA K. BLUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No.  2:25-cv-2805-DC-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Brianna Blue proceeds without counsel and seeks relief relating to an incident and resulting visiting ban preventing her from visiting her fiancé who is in custody of the California Department of Corrections. (ECF No. 1.) This matter is before the undersigned pursuant to Local Rule 302(c)(21). Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.)

　　　　In order to commence a civil action, along with the complaint, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed in forma pauperis ("IFP"). See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebee's, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also

1  United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to
2  affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).
3        Plaintiff's affidavit does not adequately support a conclusion that plaintiff was unable to
4  pay any court costs and still afford the necessities of life when plaintiff filed this suit. Although
5  plaintiff reported not having any money in cash or in a checking or savings account, and expenses
6  that generally utilize all of plaintiff's income, the court also considers the amount of plaintiff's bi-
7  weekly gross and take-home pay. Plaintiff reports receiving $2,054 in gross pay and $1,654 in
8  take-home pay every other week along with $300 per month in child support as to plaintiff's one
9  dependent. (ECF No. 2 at 1.)
10       Courts sometimes look to the federal poverty guidelines set by the United States
11 Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma
12 pauperis applications, E.g., Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 n.5 (11th Cir.
13 2004). The HHS Poverty Guideline for a two-person household in 2025 is $21,150. See
14 https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines. Plaintiff's gross
15 employment income totals $53,404, which is more than two and a half times the poverty
16 guideline level for a two-person household.
17       District courts deny IFP status when a plaintiff's income is more than double or nearly
18 double the poverty guideline level. See, e.g., Moreno on behalf of A.J.M. v. Comm'r of Soc. Sec.,
19 No. 1:24-CV-01540-BAM, 2025 WL 394666, at *1 (E.D. Cal. Jan. 27, 2025), report and
20 recommendation adopted sub nom. A.J.M. by & through Moreno v. Comissioner of Soc. Sec.,
21 No. 1:24-CV-01540 JLT BAM, 2025 WL 472710 (E.D. Cal. Feb. 12, 2025) (employment income
22 more than double the applicable poverty guideline); Jones v. Comm'r of Soc. Sec., No. 1:19-CV-
23 01049-SAB, 2019 WL 11234222, at *2 (E.D. Cal. Aug. 15, 2019), report and recommendation
24 adopted, No. 1:19-CV-01049-DAD-SAB, 2019 WL 11234224 (E.D. Cal. Oct. 23, 2019)
25 (household income approximately double the poverty guideline level for a family of two).
26       Given that plaintiff's gross income is more than two and a half times the poverty level for
27 a two-person household, the information in plaintiff's IFP application is inconsistent with a
28 finding of poverty. However, since plaintiff's application does not reflect any frivolous monthly

expenses and plaintiff reported having no money in cash, checking, or savings account at the time the application was signed, it would be appropriate for the court to allow installment payments of a minimum of $50.00 until the court costs of $405.00 are satisfied. The undersigned will recommend plaintiff be denied IFP status and the Clerk of the Court be directed to issue summonses and civil new case documents upon receipt of the first installment from plaintiff. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;
2. Plaintiff be granted leave to satisfy the $350.00 filing fee and $55.00 administrative fee in monthly installments of $50 or more, with the first payment due within 14 days of the district court's decision on these findings and recommendations and due on the first of each month thereafter;
3. The Clerk of the Court be directed to issue summonses after the first installment is received; and
4. Plaintiff be warned that failure to satisfy the full filing fee according to the payment schedule may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). No objections period is required for IFP denials. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [her] application to proceed in forma pauperis be denied.").

Dated: November 5, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 blue25cv2805.ifp.fr